_____

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
_____

| | |
|---|---|
| ANGELA D. BLAUER, ) | |
| ) | Case No. 1:10-cv-0188-DAK |
| Plaintiff ) | |
| ) | |
| v. ) | MEMORANDUM DECISION AND ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | Honorable Dale A. Kimball |
| Defendant. ) | |

_____

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) under Title XVI of the Social Security Act (the Act).  After careful review of the entire record, parties' briefs, and arguments presented at a hearing held on January 30, 2012, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and is free of harmful legal error.  The Commissioner's decision is, therefore, AFFIRMED.

This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (citation omitted).  The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."  *Id.* (citation omitted).  Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

I.  **The ALJ Reasonably Considered All of Plaintiff's Impairments, Severe and Non-Severe.**

Plaintiff first argues that the ALJ did not properly consider all of Plaintiff's impairments, severe and non-severe, in assessing her residual functional capacity.  Specifically, Plaintiff focuses on fibromyalgia, obesity, irritable bowel syndrome, and sleep apnea.  This Court disagrees.

As the ALJ noted, the residual functional capacity is what a claimant can do despite her impairments, both severe and non-severe (Tr. 10).  Further, the ALJ stated that he considered all of Plaintiff's symptoms in assessing her residual functional capacity.  *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (noting, in evaluating an ALJ's statement that he considered all of the claimant's symptoms, a general practice of taking a lower tribunal at its word when it declares that it has considered a matter).  This adequately demonstrates that the ALJ considered all of Plaintiff's impairments, severe and non-severe, in assessing her residual functional capacity.

This Court also disagrees with Plaintiff's specific argument that the ALJ impermissibly focused on a lack of objective medical evidence to in considering her fibromyalgia.  As the Commissioner noted in his brief and at oral argument, the portion of the ALJ's decision that Plaintiff quotes is the ALJ's listings analysis, and the ALJ properly focused on the medical findings at that step of the sequential evaluation.  *See Lax*, 489 F.3d at 1085.  With regard to Plaintiff's argument about the ALJ's treatment of irritable bowel syndrome (IBS), Plaintiff's reliance on *Krueger v. Astrue*, 337 F. App'x 758 (10th Cir. 2009) (unpublished), is misplaced as the ALJ did not cite the fact that Plaintiff did not receive treatment for IBS to discount her subjective complaints.

With regard to Plaintiff's arguments regarding obesity and sleep apnea, Plaintiff never complained of either condition in her disability application or at the administrative hearing

(Tr. 17-55, 171).  Additionally, Plaintiff's treating physician did not identify obesity or sleep apnea as an impairment that limited Plaintiff's ability to work (Tr. 471).  A diagnosis alone is insufficient to establish that an impairment is severe; instead, Plaintiff must prove that the impairment significant impairs a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521.  Further, the ALJ has no obligation to "investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996) (quoting *Brockman v. Sullivan*, 987 F.2d 1344, 1348 (8th Cir. 1993)); *see also Briggs v. Astrue*, 221 F. App'x 767, 770 (10th Cir. 2007) (unpublished) (affirming the magistrate judge's finding that the ALJ did not err in not addressing the plaintiff's obesity where plaintiff did not address his obesity either in his application for benefits or at the hearing).

## II.     In Assessing Plaintiff's Residual Functional Capacity, the ALJ Reasonably Discounted the Opinions of Dr. Nash, Ms. Harris, and Dr. Duncan.

Plaintiff next argues that ALJ erred in discounting the opinions of Dr. Nash, Ms. Harris, and Dr. Duncan.  This Court again disagrees.

The ALJ specifically considered Dr. Nash's opinions, and gave them little weight, articulating specific, legitimate reasons for doing so (Tr. 15-16).  First, with regard to Dr. Nash's opinions that Plaintiff was disabled, these opinions are on an issue reserved to the Commissioner and thus are not entitled to any special significance and could never be given controlling weight. 20 C.F.R. § 404.1527(e).  The ALJ also noted that Dr. Nash's opinions were inconsistent with his opinion that Plaintiff is able to perform her activities of daily living (Tr. 458).  *See Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) (medical evidence may be discounted if it is internally inconsistent).  Finally, the ALJ noted that Dr. Nash did not cite any objective medical evidence, case notes, or observations in support of his extremely limiting opinions (Tr. 15).  "The more a medical source presents relevant evidence to support an opinion,

particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(d)(3); *see also Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (a treating physician's opinion may be rejected if his conclusions are not supported by specific findings).

Further, with regard to Ms. Harris and Dr. Duncan, neither individual authored an opinion. The only "opinions" identified by Plaintiff that were allegedly authored by Ms. Harris and Dr. Duncan are GAF scores. The Tenth Circuit has repeatedly noted that, standing alone, low GAF scores may indicate problems unrelated to the ability to hold a job. *Lee v. Barnhart*, 117 F. App'x 674, 678 (10th Cir. 2004); *Eden v. Barnhart*, 109 F. App'x 311, 314 (10th Cir. 2004); *Zachary v. Barnhart*, 94 F. App'x 817, 819 (10th Cir. 2004); *Lopez v. Barnhart*, 78 F. App'x 675, 678 (10th Cir. 2003); *Oslin v. Barnhart*, 69 F. App'x 942, 947 (10th Cir. 2003). As a result, where a GAF score is unaccompanied by an opinion indicating that the claimant cannot work, the ALJ is not required to specifically discuss a low GAF score. *See Lopez*, 78 F. App'x at 678 (holding that where the examining physician did not indicate that claimant cannot work, the ALJ did not err by failing to discuss GAF score of 40 because the score was not "'significantly probative' evidence in opposition to the ALJ's ultimate conclusions" (citation omitted)).

**III.   The ALJ Properly Posed a Hypothetical Question to the Vocational Expert That Included Only Those Limitations the ALJ Found Credible.**

Plaintiff next argues that the ALJ erred in posing a hypothetical question to the vocational expert that did not comprehensively describe Plaintiff's functional limitations. This Court disagrees. Plaintiff's argument is premised on the fact that the ALJ did not include in his hypothetical question to the vocational expert all of the limitations identified by Dr. Nash. As discussed above, however, the ALJ reasonably discounted Dr. Nash's opinion, and the ALJ is only required to include those limitations that he ultimately includes in his residual functional

capacity assessment.  *Cf. Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000); *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993).

IV. **The ALJ's Failure to Ask Whether the Vocational Expert's Testimony Was Consistent with the DOT Is Harmless Because Plaintiff Has Identified No Conflict.**

Finally, although the ALJ erred because he did not ask whether the vocational expert's testimony was consistent with the Department of Labor, *Dictionary of Occupational Titles* (4th ed. 1991), SSR 00-4p, 2000 WL 1898704, (Dec. 4, 2000), the error was harmless because Plaintiff has not identified any conflicts.  *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009); *see also St. Anthony v. U.S. Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002) ("[T]he party challenging the action below bears the burden of establishing that the error prejudiced the party.").

Because the ALJ's decision is supported by substantial evidence and is free of harmful legal error, it is AFFIRMED.  Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 9th day of February, 2012.

_____
DALE A. KIMBALL
United States District Judge